# LAW OFFICES OF
## O'KEKE & ASSOCIATES, P.C.

801 Franklin Avenue.
Brooklyn NY, 1123817
Tel.: (718) 855-9595
Attorneys for plaintiff

```
------------------------------------X----------------------------
RAMEL BRADFORD, CLARIBEL ROSA,      :UNITED STATES DISTRICT COURT
MICHAEL DAVIS, ROBERT AUSTIN,       :EASTERN DISTRICT OF NEW YORK
RD(A Minor under the age            :
of 16)by CLARIBEL ROSA As Parent    :
and N/G                             :
                                    :
                    Plaintiff,      :   CASE No.:_____
    against                         :
                                    :   CIVIL ACTION
                                    :
THE CITY OF NEW YORK,               :
"JOHN DOE" AND "JANE DOE"           :   COMPLAINT
1'through'50 inclusive,             :
the names of the last defendants    :   PLAINTIFF DEMANDS
being fictious, the true names      :   TRIAL BY JURY
of the defendants being unknown     :
to the plaintiff.                   :
                    Defendant(s).   :
------------------------------------X----------------------------
```

TAKE NOTICE, the Plaintiffs, Ramel Bradford, Claribel Rosa, Michael Davis, Robert Austin and RD, hereby appears in this action by their attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon them at the address below in this matter.

Plaintiffs, Ramel Bradford, Claribel Rosa, Michael Davis, Robert Austin and RD, by their attorneys, O'keke & Associates, P.C., complaining of the defendants, The City of New York, "John Doe" AND "Jane Doe"1'through'50 collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and or to redress the deprivation of

      rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiffs, as a result of the false arrest, unlawful detention, excessive force and negligence of the defendants, perpetrated while said defendant police officers were in the process of unlawfully arresting the plaintiffs.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

6. All conditions precedent to the filing of this action have been complied with. On February 26, 2025, within ninety days after the false Arrest and other claims alleged in this

    complaint arose, a sworn written notice of claim, was served upon the defendant City of New York. Thereafter the City of New York Comptroller's office assigned the plaintiffs the following case numbers:

        RD             - 2025PI008415
        Claribel Rosa, - 2025PI008416
        Michael Davis, - 2025PI008417
        Robert Austin  - 2025PI008418
        Ramel Bradford - 2025PI008419

7. At least thirty days have elapsed since the service of the abovementioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

8. This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## PARTIES

9. Plaintiffs all reside in Kings County, New York and are all residents of the State of New York.

10. Defendants' "John Doe" and "Jane Doe" 1'through'50 are unknown police officers for the City of New York, acting under color of state law. They are all being sued in their individual and official capacity.

11. The Defendant, City of New York is a municipality in the State of New York and employs the Defendant Police Officers.

## FACTUAL ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION

12. On or about January 23, 2025, between the hours of 7:00PM and 8:00PM, the plaintiffs were all in plaintiff's, Claribel

      Rosa's apartment. Plaintiff Michael Davis is the common law husband of Ms. Rosa, RD is the biological child of Mr. Davis and Ms. Rosa. Plaintiffs Robert Austin and Ramel Bradford are childhood friends of Mr. Davis and Ms. Rosa.

13. At the time of the incident, Ms. Rosa was in the kitchen cooking for her family and guests, RD was in his room playing on line games with his friends, Mr. Davis, Mr. Austin and Mr. Bradford, were in the living room discussing and watching football and waiting for Ms. Rosa to finish cooking.

14. As the plaintiffs were carrying on with the activities described in the prior paragraph, they suddenly heard a loud banging on the front door to Ms. Rosa's apartment, at first the banging was somewhat drowned by the noise of the tv. But the banging grew louder and the voices from behind the door clearly threatening to break the door down and come in.

15. Ms. Rosa approached her front door and opened it to see a sea of the defendant officers mostly dressed in riot and protective outfits, including helmets, face masks, shields etc.

16. Ms. Rosa was told to step outside and she immediately complied, immediately informing the officers that she had a minor in her apartment.

17. After sometime of the defendant officers talking to Ms. Rosa outside the apartment they shouted instructions into the apartment telling all occupants to line up against the wall in the hallway of the apartment with their hands above their heads, to wit Mr. Bradford, Mr. Davis, Mr. Austin and RD, immediately complied.

18. Thereafter the plaintiffs were handcuffed, searched and led out of the apartment to various defendant vehicles.

19. Whilst the officers were handcuffing, searching and walking plaintiffs to the cars, the plaintiffs repeatedly asked what they were being arrested for, to wit some of the officers said that they wanted to know where the guns were in the apartment.

20. All the plaintiffs were transported to the NYPD 75th precinct where they were placed in holding cells, with the exception of RD who was handcuffed to bench.

21. That besides being searched in the precinct and removing the plaintiffs' laces and belts, prior to being placed in holding cells, the plaintiffs were not pedigreed, no mugshots were taken of the plaintiffs, no Miranda rights were read to any of the plaintiffs, and no explanation for the reason of the arrest was provided to the plaintiffs.

22. At approximately 5:30AM, the following day the plaintiffs were released from the precinct and told that they were free to go home, with the exception of Mr. Bradford who was told

that he had an open warrant and was transported to Central Booking Department of the Criminal Court Kings County, where Mr. Bradford was held for an additional day and then released through a back door, without seeing a judge.

23. That Ms. Rosa, Mr. Davis, Mr. Austin and RD, upon being released, called an uber to transport them back to Ms. Rosa's apartment. However, upon returning to Ms. Rosa's apartment the plaintiff's observed that the entire apartment had been searched and turned upside down, furniture had been broken, personal belongings and important documents had been dumped on the floor all over the place, including birth certificates, social security cards, etc. Notwithstanding that doors were open and the officers had already entered into the Ms. Rosa's home before she was removed and arrested, the door locks were intentionally damaged. Even the food that Ms. Rosa was cooking was intentionally poured out onto the plaintiffs documents and clothes that the defendants had thrown all over the floor.

24. That the plaintiffs never gave the defendants consent to be searched or for their apartment to be searched.

25. That at the time of the arrest and at the time the defendant officers went into Ms. Rosa's apartment, they did not have permission to search the apartment, nor did they have a warrant for the arrest of any of the plaintiffs or to search the apartment.

26. That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed, they still proceeded to arrest and unlawfully detain the plaintiffs.

27. That at no time during the arrest were any of the plaintiffs read their Miranda Rights or informed of what they were being arrested for, nor were the plaintiffs shown a warrant for their arrests or to search Ms. Rosa's apartment.

28. At no time did plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiffs obstruct any act or administration of government, or engage in any conduct which in any way justified the brutal and unlawful actions of the police. At no time did plaintiffs' consent to the unlawful search and or seizure of their personal liberty and or property.

29. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer various personal and economic injuries, including but not limited to; due to the destruction to their clothes, furniture, personal belonging and physical and emotional injuries sustained by the plaintiffs. As a result of the entire incident, plaintiffs were also caused to suffer emotional distress,

mental anguish, nightmares and flashbacks some or all of which may be permanent.

30. The unlawful destruction of plaintiffs' personal property, the unlawful arrest and wrongful imprisonment of plaintiffs, the malicious prosecution and use of excessive force by defendants with knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

31. As a direct and proximate result of defendants' actions, plaintiffs suffered and continues to suffer, the above stated injuries, some or all of which may be permanent.

32. As a direct and proximate result of the defendants' actions, the plaintiffs suffer various emotional attacks, in addition, they have all been unable to function normally which has caused a severe strain and breakdown in their personal relationships, in and outside of their homes, and has directly affected their lives.

33. As a direct and proximate result of defendant's actions, plaintiffs were arrested, detained without just or probable cause. Their property was destroyed, damaged or removed and caused to suffer damages stemming from their physical and emotional injuries.

34. As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

35. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

36. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

37. The actions of defendants, acting under color of State law, deprived plaintiffs of his rights, privileges and immunities under the laws and Constitution of the United States; in

    particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

38. By these actions, defendants have deprived plaintiffs of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

39. The actions of defendants were malicious, unlawful and directed at depriving the plaintiffs of their constitutional rights.

40. This action has been commenced within three years after the happening of the event upon which the claim is based.

## **AS A FIRST CAUSE OF ACTION:**

    42 U.S.C Section 1983-against Defendant Officers

41. Plaintiffs hereby restate paragraphs 1-40 of this complaint, as though fully set forth below

42. By unlawfully arresting detaining and imprisoning plaintiffs, without justification, probable cause or reasonable suspicion, the Defendants' Officers, deprived Plaintiffs of her rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

43. In addition, the Defendants officers conspired among themselves to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

44. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted

      willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

49. Plaintiffs hereby restates paragraph 1-45 of this complaint, as though fully set forth below

46. By detaining and imprisoning the plaintiff without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Officers Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

47. In addition, the Defendants officers conspired among themselves to deprive plaintiffs of their constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

48. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

49. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiffs deprivation of their state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

Excessive Force/Assault and Battery--all Defendants

51. Plaintiff hereby restates paragraph 1-50 of this complaint, as though fully set forth below

52. In using excessive force while physically assaulting, handcuffing, threatening, intimidating plaintiffs, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiffs.

53. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:

False Arrest and False Imprisonment--all defendants

54. Plaintiffs hereby restate paragraph 1-53 of this complaint, as though fully set forth below

55. The Defendants Officers wrongfully and illegally detained, and imprisoned the Plaintiffs.

56. The wrongful arrest and imprisonment of the Plaintiffs was carried out without a valid warrant, without Plaintiffs consent, and without probable cause or reasonable suspicion.

57. At all relevant times, the Officers Defendants acted with excessive force in apprehending, detailing, and imprisoning the Plaintiffs.

58. During this period, the Plaintiffs was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

59. Throughout this period, the Plaintiffs were unlawfully, wrongfully, and unjustifiably detained, deprived of their

liberty, and imprisoned.

60. All of the foregoing occurred without any fault or provocation on the part of the Plaintiffs.

61. Defendants, their officers, agents, servants, and employees were responsible for plaintiffs detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

62. The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiffs rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiffs.

63. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS FOR A FIFTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York.

64. Plaintiffs hereby restates paragraph 1-63 of this Complaint, as though fully set forth below.

65. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to the plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

66. Upon information and belief, Defendant City of New York, through the NYPD owed a duty of care to the plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from this conduct.

67. Upon information and belief, Defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

68. Upon information and belief, Defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiffs injuries.

69. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiffs incurred significant and lasting injuries.

## AS A SIXTH CAUSE OF ACTION:

Negligent Infliction of Emotional Distress-all Defendants

70. The Plaintiffs hereby restates paragraph 1-69 of this complaint, as though fully set forth below.

71. The Defendants Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

72. Plaintiffs emotional distress has damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

73. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendants Officers, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondent superior.

74. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

**WHEREFORE**, plaintiffs respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs

     under 42 U.S.C. Section 1983;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

7. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:    June 19, 2025
            Brooklyn, New York

                                  Respectfully Submitted

                                  /s/ Patrick O'keke
                              _____
             By:   Patrick Ike O'keke Esq. [PO-2861]
                    801 Franklin Avenue
                    Brooklyn, New York 11238
                    Tel. No.  : (718) 855-9595
                    Fax No.  : (718) 855-9494
                    Email.   : polawuk@aol.com

```
Civil Case Number:_____          Attorney: PATRICK O'KEKE [2861]
```

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JACQUELINE RAWLINS

                                                                    Plaintiff(s),

   against

THE CITY OF NEW YORK, DET. JORGE ULLOA (SHIELD #4388), "JOHN DOE" AND "JANE DOE" 1'through'5 inclusive, the names of the last defendants being fictious, the true names of the defendants being unknown to the plaintiff.                             :

                                                                     Defendant(s).

---

## SUMMONS & COMPLAINT
## DEMAND TRIAL BY JURY

---

**O'keke & Associates, PC**
801 Franklin Avenue, Brooklyn NY, 11238
PHONE: (718) 855-9595 FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:


Defendants/Attorney(s) For Defendants.

---

    Service of a copy of the within is hereby admitted

                        Dated:_____

             Attorney(S) For:_____

---